UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JIMMY ZAVALA, | ‖ | |
| | ‖ | |
| Movant, | ‖ | NO. SA-08-CA-0234-OG |
| | ‖ | |
| v. | ‖ | [NO. SA-04-CR-425(2)-OG] |
| | ‖ | |
| UNITED STATES OF AMERICA, | ‖ | |
| | ‖ | |
| Respondent. | ‖ | |

**RESPONDENT'S RESPONSE TO MOVANT'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

TO THE HONORABLE NANCY STEIN NOWAK, UNITED STATES MAGISTRATE JUDGE:

COMES NOW, the United States of America, by and through its undersigned attorney, and files this response to the Defendant's Motion to Vacate, Set Aside, or Correct Sentence, and would respectfully show the Court as follows:

## I. PROCEDURAL HISTORY

Movant was named in a indictment returned on August 18, 2004 in Cause Number SA-04-CR-425(10). The indictment named twenty-eight persons in various counts that charged drug, weapons, and money laundering offenses. Movant was named in the following counts:

Count One: Conspiracy to Distribute, and to Possess with Intent to Distribute, Heroin and Cocaine from August 1, 1999 to August 1, 2004;

Count Twenty-one: Possession of Cocaine on April 22, 2004;

Count Thirty: Conspiracy to Use/Posses a Firearm in Furtherance of Drug-Trafficking from August 1, 1999 to August 1, 2004;

Count Thirty-one: Use/Possession of a Firearm in Furtherance of Drug Trafficking on April

29, 2004;

Count Thirty-two: Use/Possession of a Firearm in Furtherance of Drug Trafficking on May 14, 2003;

Count Thirty-three: Conspiracy to Launder Money from August 1, 1999 to August 1, 2004 by collecting a mandatory "tax" on the proceeds of narcotics sold in exchange for granting the seller of narcotics authorization to sell narcotics.

Movant's jury trial commenced on April 4, 2005. Movant was found guilty on all counts charged in the indictment. On August 11, 2005, the Court sentenced Movant to a term of imprisonment of:

| | |
|---|---|
| Count One: | life; |
| Count Twenty-one: | 480 months; |
| Count Thirty: | 240 months; |
| Count Thirty-one: | 60 months (to be served consecutively); |
| Count Thirty-two: | 300 months; |
| County Thirty-three: | 240 months. |

Movant filed his notice of appeal on August 22, 2005. The judgment and commitment were signed by the Court on August 23, 2005.

The Court of Appeals affirmed Movant's conviction in a published opinion dated April 12, 2007. *United States v. Valle, et al.*, 484 F.3d 745 (5th Cir. 2007). Mandate issued on May 9, 2007. The United States Supreme Court denied Movant's petition for writ of certiorari on October 1, 2007. Movant filed his Motion to Vacate Under 28 U.S.C. 2255 on March 24, 2008. This response follows.

## II. THE DEFENDANT'S GROUNDS FOR RELIEF

Movant makes various claims in his motion, none of which requires an evidentiary hearing. As a preliminary matter, Movant has failed to raise errors that are of such a constitutional or jurisdictional dimension that failure to consider the claim would result in a fundamental miscarriage

of justice. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). In each of Movant's claims, Movant makes conclusory, general claims that as a matter of law are insufficient to raise a constitutional issue. *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994). Movant's claims are procedurally barred and should be denied. In addition, the evidence at the Movant's trial was so overwhelming that none the claims he raises undermine the jury verdict. Nonetheless, the Government will address Movant's claims.

**GROUND ONE: "DEFENDANT HAS BEEN SUBJECTED TO ARBITRARY ARREST AND DETENTION, THE EFFECTIVE EXERCISE OF THE RIGHT TO DEFENSE IMPAIRED."**

The facts that Movant provides in support of his claim in Ground One are: "All documents constituting evidence against acused (sic) persons were classified as secret all evidence in the case file was kept in a room under the court's control and lawyer's could access this room only after a bureaucratic procedure lawyer's were prevented from taking part in establishment of criteria for selection of evidence and excluded from ex parte conferences between prosecution and court in which criteria were defined. All documents in the case file seized were declared classified and defendants were limited in choice of their lawyer's to lawyers approved by the Gov't." Movant filed a memorandum of law and an affidavit with his motion but they do not address the claim raised in Ground One. Movant's first claim must fail for two reasons: it is conclusory and unsupported by the record, and it should have been raised on direct appeal.

A movant has the burden of sustaining his contentions in a Sec. 2255 motion by preponderance of the evidence. *United States v. Bondurant*, 689 F.2d 1246, 1251 (5th Cir. 1982). A movant who makes conclusory statements in his motion has not met his burden. *Id.* For example, a § 2255 movant who seeks relief on the basis of allegations that the government used perjured

testimony, made false statements about evidence, suppressed evidence, failed to correct erroneous testimony, and that the testimony of government witnesses was false.  Such allegations, even if accompanied by portions of the trial transcript that show conflicts in the testimony, are insufficient and are considered "conclusory allegations." *Rodriguez v. United States*, 473 F2d 1042 (5th Cir. 1973).  Likewise, contentions that the prosecution conspired to violate a movant's rights; conducted an illegal search of movant's home; used perjured testimony; and engaged in prosecutorial misconduct that violated movant's constitutional rights, have been found to be insufficient because they are "conclusory and wholly unsubstantiated." *United States v. Jones* 614 F.2d 80, 82 (5th Cir. 1980). *See also, United States v. Fishel*, 747 F.2d 271, 273 (5th Cir. 1984)(a § 2255 motion based upon allegations contradicted by the record or supported by conclusory factual assertions are insufficient and need not be granted a hearing).

Here, Movant makes a blanket statement that he was arbitrarily arrested and detained; he provides no factual, documentary, or extrinsic support for this contention.  Movant also claims his right to a defense was impaired because: 1) the prosecution's evidence was deemed "secret" and could only be accessed through a "bureaucratic procedure"; 2) his defense counsel was excluded from participating in evidentiary decisions; and 3) defendants were limited to counsel approved by Respondent.  Again Movant provides no support for any of these contentions.  These claims are conclusory assertions and are unsubstantiated; they are devoid of specific facts.  These are the type of claims that the Fifth Circuit has refused to recognize as valid, actionable § 2255 claims.

Movant's claims here: improper arrest and detention, and government violation of discovery requirements, were not raised on direct appeal.  Because both claims could have been raised on direct appeal, Movant is precluded from raising them here.  *United States v. Capua*, 656 F.2d 1033, 1037

(5th Cir. 1981)(non-constitutional claims cannot be raised in a § 2255 motion); *United States v. Ishmael*, 343 F.3d 741, 742 (5th Cir. 2003)(search and seizure issues cannot be raised in a § 2255 motion). The other portions of this claim are too vague, conclusory, and unsupported for review. (For example, Movant claims that his choice of counsel was limited to those approved by the Government. Given that Movant retained his own counsel, this claim is especially unsupported by the record. In addition, appointment of counsel for indigent defendant was made by the Court; the Court is in the best position to address Movant's claim that Respondent exercised veto power over the appointment of counsel.) Respondent has attached the affidavit of Special Agent Nancy Sanford to address the issues Movant raises.

**GROUND TWO: "THE ACCUSED PERSONS DID NOT RECEIVE FULL PROTECTION OF U.S. LEGAL SYSTEM."**

Movant's second ground is unclear. The only supporting facts he provides in this motion are as follows: "Given Gov't emphasis on gangs as central to this case no defense investigator to investigate gang association validation and defense gang experts were provided to contest gang validation and evidence, including experts to investigate mitigating evidence." The memorandum and affidavit submitted in support of his motion provide no supporting facts relevant to this ground.

It appears that Movant argues that due to the prominence of the Mexican Mafia at Movant's trial, his defense could have benefitted from a defense investigator with expertise on gangs. Movant does articulate how such an investigator might have benefitted the defense except to claim that the investigator could have "contest[ed] gang validation and evidence." This claim is vague, generalized, and conclusory; it must fail. *United States v. Jones* 614 F.2d 80, 82 (5th Cir. 1980). Quite simply, it is impossible to respond to a claim that is so conclusory and that asserts no factual

support.  In addition, because this claim could have been raised on direct appeal but was not, it is barred.  *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

**GROUND THREE: "THE DEFENDANTS DID NOT ENJOY A FAIR TRIAL."**

Movant's third ground is unclear.  The supporting facts he provides are: "Defendants were denied access to lawyers during the first days following their arrest and were under pressure to declare themselfs (sic) guilty.  Subsequently, they were kept in solitary confinement at all times preceding their trial.  During which communication with their attornies (sic) and access to evidence and thus possibility to adequate defense were weakened and trial did not take place in climate of objectivity and impartiality."

Movant claims that in the days following his arrest he was denied access to his attorney. While this brief assertion is not an actionable claim because it fails to state what harm he suffered, it is also not supported by the record.

Movant was arrested August 18, 2004 and made his initial appearance that same day where he was ordered detained.  His formal detention hearing was scheduled for August 23, 2004.  On August 20, 2004, the Court entered a written order rescheduling Movant's detention hearing until August 24, 2004.  The Court's order states at the bottom: "Defendant will try to hire his own Mr. Blas Delgado."  On August 24, 2004, the Court signed an order re-setting Movant's detention hearing and again the order states that Movant would try to hire Mr. Blas Delgado.  On August 31, 2004, the Court signed another order re-setting Movant's detention hearing for September 9, 2004, and again the order noted that Movant would attempt to hire Mr. Blas Delgado.  On September 9, 2004, Movant appeared with counsel, Mr. Blas Delgado, for his detention hearing.

Movant's claim that he was not permitted to see his attorney in the days following his arrest

6

is contradicted by the record which shows that in the days following his arrest, Movant did not have counsel because he was attempting to hire Mr. Delgado. (Respondent draws the Court's attention to ¶ 7 of Movant's Affidavit in Support of His Motion, in which Movant states: "I was denied access to a lawyer during the time of my arrest and up to on or about August 24, 2004.")

The remainder of Movant's complaint, that he was kept in solitary confinement (thus making communication with his counsel and access to evidence difficult) is also not actionable due to vagueness. In addition, any complaint about one's conditions of confinement is not trial error and cannot be raised in a § 2255 motion. However, it should be noted that on September 18, 2004, Movant and other members of the Mexican Mafia attempted to escape from custody (Tr. 2337-2350, 2355) and a guard was attacked. Movant was then moved to a jail facility in Crystal City, Texas (Tr. 2508). While Movant was housed in Crystal City, he asked a fellow inmate if Movant's case would be helped if the prosecutor, Joey Contreras, were to die (Tr. 2510). Movant also threatened to hurt the prosecutor (Tr. 2511). It is hardly surprising that Movant was kept in close confinement. The more fundamental point is that the particulars of Movant's pre-trial confinement are not a cognizable claim. In addition, the entire claim is conclusory and devoid of factual assertion. Finally, the claim should have been raised on direct appeal and is now barred.

**GROUND FOUR: "CONSIDERATION AT SENTENCING OF ACQUITTED CONDUCT VIOLATED DUE PROCESS AND FAIR TRIAL RIGHTS."**

In this ground Movant complains that the Court considered the murder of Jose Luis Moreno as a sentencing factor after the jury failed to find beyond a reasonable doubt that Movant murdered Moreno. Movant raised this issue on direct appeal and it was rejected. Movant may not raise a claim through a § 2255 motion that he raised on direct appeal. *Kastenbaum v. United States*, 588

F.2d 138, 139 (5th Cir. 1979).

Movant argued on direct appeal that the jury's failure to find that he murdered Jose Moreno prevented the Court from using the murder to enhance his sentence under the Sentencing Guidelines. Movant cited *United States v. Booker*, 543 U.S. 220 (2005) in support of his claim on direct appeal. The Fifth Circuit disagreed and after acknowledging the import of *Booker* held "a district court may sentence a defendant on facts not established by either a guilty plea or jury verdict, as long as the conduct for which the defendant was acquitted has been proven by preponderance of evidence." *United States v. Valles, et al.*, 484 F.3d 745, 760 (5th Cir. 2007). The court then found the evidence of the Moreno murder was sufficient to support Movant's sentence.

Because *Booker* has no application to Movant's claim, either on direct appeal or here, his argument is not clear. Movant devotes his memorandum to argue that *Booker* should be applied retroactively to him but this argument presupposes that *Booker* has application when it clearly does not. In addition, *"Booker* does not apply retroactively on collateral review to an initial 28 U.S.C. § 2255 motion." *United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005).

For these reasons, this claim should be denied summarily.

### III. CONCLUSION

Wherefore, Movant's motion fails to raise any grounds that entitles him to relief or to an

evidentiary hearing and should be denied summarily.

Respectfully submitted,

JOHNNY SUTTON
United States Attorney


By:        ___/S/_____
           JOEY CONTRERAS
           Assistant United States Attorney
           State Bar No. 04712320
           601 NW Loop 410, Suite 600
           San Antonio, Texas 78216
           (210) 384-7006
           (210) 384-7028   fax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Government's Response to Defendant's Motion to Vacate, Set Aside, Or Correct Sentence, has been mailed to Mr. Jimmy Zavala, No. 49053-180, United States Penitentiary- Beaumont, P. O. Box 26030, Beaumont, Texas, 77720, on this the 24th day of April, 2008.

_/S/_____
Joey Contreras

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

JIMMY ZAVALA,                                     ||
                                                  ||
        Movant,                                   ||
                                                  ||
v.                                                ||          NO. SA-08-CA-0234-OG
                                                  ||
UNITED STATES OF AMERICA,                         ||          [NO. SA-04-CR-425(2)-OG]
                                                  ||
        Respondent.                               ||

## ORDER

_____Came on this day to be considered the Defendant's Motion to Vacate, Set Aside, or Correct

Sentence by a Person in Federal Custody, and the Government's response thereto.  The Defendant's

motion is

        **DENIED**.


        Entered on this the _____ day of _____, 2008.


                                        _____
                                        NANCY STEIN NOWAK
                                        UNITED STATES MAGISTRATE JUDGE