FILED

MAY 2 7 2022

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                         DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA

       Plaintiff,

    v.                                                            5:04-cr-00425-OLG-2

       JIMMY ZAVALA

       Defendant.

## MOTION TO RECONSTRUCT, CORRECT OR MODIFY THE RECORD

In accordance with the provisions of Federal Rule of Appellate Procedure 10(b)(2),10(c),

10(e), in compliance of Western District local rules CV-10 and rules for pro-se litigants,

Appellant Jimmy Zavala moves to reconstruct, correct, or modify the record, and provide

supporting statements of the evidence where the proceeding recordings are unavailable or

when the transcript is unavailable pursuant Civil Rule of Procedure rule 44(c).  This is in

response to the order denying movant's motions pending in the current appeal #22-50318,

received in the inmate mail system in Boscobel, Wisconsin State Maximum Facility (WSPF)

on May 15th 2022. Please bear with me, as I do not have records, and rely on volunteers

willing to review docket entries and transcripts when accessible.  I will make note of

transcript page and #'s and docket entries, but cannot produce copies of them.

                                I.

    The evidence will show that the current record, as it exists and the forwarded

record on appeal, is not complete, has never been a complete record since trial, will show

findings and conclusions which are unsupported by the evidence or is contrary to evidence,

as well as show the need for the records in pending appeal. The Court Reporter Act requires "[e]ach session of the court" to be "recorded verbatim," including "all proceedings in criminal cases had in open court." 28 U.S.C. § 753(b). Though the Act does not prescribe a remedy for violations, courts have awarded relief up to a new trial. *E.g.*, *Simmons*, 44 F.3d at 1168–69 ; *see United States v. Sussman*, 709 F.3d 155, 170–72 (3d Cir. 2013) ; *see also United States v. Kelly*, 167 F.3d 436, 438 (8th Cir. 1999) (collecting cases). *United States v. Savage*, 970 F.3d 217, 238-39 (3d Cir. 2020) Rule 10 provides appellant a way to reconstruct missing portions of an appellate record. And though we have previously granted a new trial when an incomplete record prejudiced an appellant, *see Simmons v. Beyer*, 44 F.3d 1160, 1168-69 (3d Cir. 1995), we have always required appellants to attempt Rule 10 reconstruction before seeking relief. *See, e.g.*, *Roberts v. Ferman*, 826 F.3d 117, 125 (3d Cir. 2016). *United States v. Savage*, 970 F.3d 217, 237 (3d Cir. 2020).

III.

Under Texas local rules, if a party desires to have all or any portion of a transcription of the court reporter's notes included in the record, he shall so designate with the clerk in writing and within the time required by Section 2 of this Article. Such party shall then have the responsibility of obtaining such transcription from the court reporter and furnishing the same to the clerk in duplicate in time for inclusion in the record and the appellant shall pay therefor. The court will order the reporter to make such transcription without charge to appellant if the court finds, after a hearing in response to an affidavit filed by the appellant not more than 20 days after giving notice of appeal that he is unable to pay or give security therefor. (emphasis added). Under this statute, appellant has the burden of (1) filing an affidavit of indigency,[2]*454 and (2) sustaining the allegations in his affidavit at

2

the indigency hearing. *Abdnor v. State, 712 S.W.2d 136, 141 (Tex.Cr.App. 1986)*. Under this settled Texas procedure, all appellants are required to pay for their transcript unless they can prove to the satisfaction of the trial court their inability to pay or give security therefor, in which case, movant demonstrated indigency. In addition, movant will show that he has demonstrated his indigency, was considered indigent and attempted to obtain records from his court appointed appellate attorney (exhibit #1), and paid transcripts from Western District Court clerks (Dkt. #1548& 1549). Movant did not have the opportunity to review an affidavit at any time during or after trial because it doesn't exist. In addition, the attached letter from movant's attorney, Adrienne Wisenberg, demonstrated records were missing since 2006.

The following statement is reflected on the Western District of Texas website/pro se fliers, https://www.txwd.uscourts.gov/filing-without-an-attorney/faqs-for-pro-se-filers/ : **"When is the record ready to be sent to the Court of Appeals?"** It is the responsibility of the deputy clerk of the District Court to complete the record on appeal and to transmit it to the Court of Appeals. Generally, in civil and criminal cases when all transcripts that have been ordered are filed and the filing fee has been paid or an application for in forma pauperis is granted the record will be transmitted. Section 2254 and 2255 cases should also include the District Court's order ruling on the motion for certificate of appealability. Once the volumes are bound and labeled, and the transcript volumes, depositions, and exhibit containers are labeled, the record is ready for transmission to the Court of Appeals. The original record must be transmitted to the Court of Appeals within 15 days after it is complete for purposes of appeal. This complete record has not happened since movant's direct appeal, as I have proved my indigency since then.

In *Mayer v. City of Chicago,* 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971), the Supreme Court reiterated that "[i]n all cases the duty of the State is to provide the indigent as adequate and effective an appellate review as that given appellants with funds." *Id.* at 193-94, 92 S.Ct. at 414 (quoting *Draper v. Washington,* 372 U.S. 487, 496, 83 S.Ct. 774, 779, 9 L.Ed.2d 899 (1963)). "In terms of a trial record, this means that the State must afford the indigent a record of sufficient completeness to permit proper consideration of [his or her] claims." *Id.* at 194, 92 S.Ct. at 414 (internal quotations omitted). Although a full verbatim transcript is not automatically required, the *Mayer* Court concluded that an "appellant cannot be denied a `record of sufficient completeness' to permit proper consideration of his claims." *Id.* at 198, 92 S.Ct. at 416; *see also Karabin v. Petsock,* 758 F.2d 966, 969 (3d Cir.) At present, requested records have been aid for through arrangements with the District Clerk, and still waiting for those. Transcripts were paid for in Dec 27th 2021, along with additional payments for records never transcribed. Some recordings have been determined to be missing by the Clerk's office.

II.

The following are the description of the missing records, with reconstruction of events, with supporting evidence pursuant to Rules of Evidence, Rule: 901(6), and as described in Rule 10 to support recollection. The enclosed letter, exhibits, contents of the letter on record (dkt. 1548) below, describe the current transcripts and records that are missing, and movant request that the court take judicial notice of these exhibits. In addition, missing evidence, which was destroyed by the Bexar County District Attorney's office per protocol (letter enclosed Exhibit #2) and the supplemental documents, will satisfy the requirement

4

of information to be provided to support the statements in reconstructing the record as stated in Federal Appellate Rule 10(b)(2), 10(e)(1)(2)(3):

1.  Arrest of Jimmy Zavala, no docket #, Dated August 18th 2004 - See Recollection below.

2.  Docket #33 – Missing minutes of proceeding:  Initial appearance and Arraignment proceeding

Since this record is missing, movant will provide recollection, as well as supporting documentation.  Initial and arraignment proceeding for Movant, Jimmy Zavala did not happen nor is any minutes/transcripts to show that it occurred.

Recollection: This proceeding's minutes, docket #33, was started for other defendants in the case on August 18th, but not for movant Jimmy Zavala.  According to the transcripts, the recorder indicated the machine was broke or could not record, so movant was instructed to be returned to his cell and held until a rescheduled date.  Movant made it clear to the attorney representing him, Blas Delgado, that he wanted to make a personal appearance at the arraignment and initial appearance. Directives were given that movant could not have contact with anyone except his attorney and held in solitary confinement, which stayed that way until trial.  Movants first initial appearance and reading of rights never happened. Arraignment is reset to August 23rd, 2004, rescheduled again for 8/24/2004, rescheduled again 8/31/2004, rescheduled again 9/9/2004, rescheduled again 9/14/2004. The available minutes of some of these proceedings will indicate there are not arraignments for movant. It was not an arraignment hearing, but only a detention hearing, due to movant's just obtaining counsel. (Tr. 5 # 23-25, Tr. 6 #1-11)

Rescheduled arraignment and detention on September 9th, 2004, the docket entry indicates arraignment for Movant, but in fact, on record it is not the arraignment hearing. (Tr. 14 #22-25, Tr. 15 #1-12)

September 14th – a waiver of personal appearance is docketed, but this is not movant's signature and did not know if its existence until May 2022. Movant did not meet with his attorney, Blas Delgado on September 14th 2004 and sign an affidavit. Arraignment hearing on September 14th 2004 did not happen, and is not reflected anywhere in the record.

Actual events, as recollected by movant Jimmy Zavala, and information in support of: Recollection:

3. Jimmy's Arrest on August 17th, 2004

Jimmy was arrested in the early morning of August 17th, and was taken into custody by arresting officer George Autobee, a Bexar County Law enforcement officer. Movant was transported to Wilson County Jail in Floresville, Texas, and booked and held until the morning of August 18th 2004. DEA spokespersons prepared a press release (Exhibit #3) showing movant was already in custody on August 17th 2004, which corroborates the recollection provided, the affidavit of Joni Theobald (Exhibit #4), the Lead Agent in Charge, Nancy Sanford's testimony (Tr. 404 #17-25, Tr. 405 #1-25, 407 #25, Tr. 408 #1-25, Tr. 409 #1-25, Tr. 410 #1-25, 411 #1-25, Tr. 2708 #5-11)

4. Booking at Wilson County – Affidavit from Joni Theobald. Phone calls to Wilson County in Floresville, Tx., between Joni Theobald and Jerri Lee Laughlin of the Records Department at Wilson County Sheriff's Dept. In or around July 2020, she called the records department and spoke with the Jerri Lee Laughlin, a staff member in the records department at the Wilson County Sheriff's Department in Floresville, TX., in regards to

6

obtaining the Aug 17th, 2003, booking records of Jimmy Zavala. While on the phone, Jerri Lee confirmed that they did possess them, and I would need to seek permission from the US Marshall's for permission to obtain them. Joni asked Jerri Lee if she was sure they possessed them, and she said she was presently viewing them on her monitor as, and confirmed August 17th, 2004. She submitted a FOIA request after the conversation, and Joni wrote a letter to the Texas Attorney General's office. She received a call from the Texas Attorney's General's office indicating that Wilson County nor Bexar County requested and received a waiver, which would be required in order to keep records from a FOIA release. She provided a sworn affidavit to the conversations (Exhibit #4).

5. Booking records from DEA headquarters on Aug 18th: 5:00 am Recollection, unavailable in the records: Movant was transferred at 5:00 am to the DEA Headquarters on August 18th 2004. He was repeatedly questioned and asked to cooperate. Movant's response was "I want to contact my attorney". Brent Jolly was present.

6. Booking records on August 18th 2004 - US Marshalls headquarters. Recollection: Movant was taken to the US Marshall's Division under the courtroom. Pictures taken and submitted as evidence of tattoos but also shows body bruises from Val Lopez the previous day. This situation was mentioned before Val Lopez's testimony, but it is missing in the records or in the transcript. Right before Val Lopez's testimony, my attorney Terrance McDonald, asked me if I knew who he (Val Lopez) was. I said "yes, he is the guy who beat me up when they booked me". He said "are you sure?" I said yes, they took pictures on my body at all three booking locations on August 17th and 18th. My Attorney, McDonald, asked to approach the bench. He told Judge Orlando what I had said, and the Judge called downstairs and requested the photos be brought upstairs to the courtroom. The same guy

7

(Phillip) who was processing me in the US Marshall's below the courtroom, brought the photos into the courtroom. When processing me. "Phillip", a staff member processing me, was smiling and asked, "What Happened?" and I replied, "You know what happened." The pictures were in an envelope and were brought to the table I was sitting with my attorney. He opened them and seen all the bruising all over my torso. He said "well I'll be damned". He approached the bench with Joey Contreras, and they had a discussion with the Judge, and then it was never brought up again, nor did my Attorney mention it to me again. These pictures from the three locations should be in evidence, but that was the only time I seen the pictures, there was discussion about them and since I had limited access to the records, and no access after trial.

7. Nancy Sanford, Lead Investigator (DEA) states on record, Movant was arrested on a search warrant on August 17th, 2004, also stated on record they did not establish probable cause or have evidence on movant. (Tr. 404 #17-25, Tr. 405 #1-25, 407 #25, Tr. 408 #1-25, Tr. 409 #1-25, Tr. 410 #1-25, 411 #1-25, Tr. 2708 #5-11)

8. Movant receives an unsigned copy of the search warrant under seal with no affidavit from a FOIA - dated August 18th 2004 (Exhibit ) - US Attorney stated that it didn't exist (Dkt #1307) Also states there is no affidavit, corroborating the absence of an affidavit of Nancy Sanford's testimony, Jimmy Zavala's recollection, and within available pre-trial detention proceedings records.

9. US Attorney on the record (Dkt # 1307), movant is picked up on a capias on August 18th, 2004, and there is no capias forwarded to movant, as stated by US Attorney's office. In response to Judge Nowak's order (Dkt #1306), of filing a response, the US Attorney states:

8

"An inquiry of District Clerk records indicate Defendant was arrested pursuant to capias issued by the United States Clerk upon return of indictment in this cause. The capias was not accompanied by or supported by a probable cause affidavit. There is no document indicating Miranda warning rights. Thus, only the capias can be produced for Defendant. Wherefore, premises considered, the United States will send forthright a copy of the capias to Defendant."

10. Letter Dated March 2022 Missing Records, and per phone conversation Western District Clerk of Courts, Diana Garcia, and Joni Theobald (Dkt # 1548 & 1549) Riordan v. State Farm Mut. Auto. Ins. Co., 589 F.3d 999, 1004 (9th Cir. 2009) (holding that a pretrial order delivered into the possession of the clerk was part of the record when it had been submitted for review by the court and had been referenced in a motion, even though it was not officially filed)

These records are missing in 2006, because there were recordings that have never been transcribed or forwarded to Movant's attorney or just simply missing. (Exhibit #1)

11. For arraignment, according to the Court Clerk, Diana Garcia and Court reporter, Chris Poage's, District clerk's, that specific recording does not exist or remains missing. The appeal is centered around these pre-trial documents, as told to the clerk staff, paid for, though they informed that they were missing. (Exhibit #6)

Under FRAP Rule 10 (c) Statement of the Evidence when the Proceeding were not recorded or when transcript is unavailable, Movant will in addition serve these statements to the US Attorney's office, as required. (Exhibit #6 – Letter provided to US Attorney)

But "the real centerpiece of [his] argument" is Federal Rule of Appellate Procedure 10. Oral Argument Tr. 126:20–24." *United States v. Savage*, 970 F.3d 217, 237 (3d Cir. 2020) Rule

10 provides appellants a way to reconstruct missing portions of an appellate record. And though we have previously granted a new trial when an incomplete record prejudiced an appellant, *see Simmons v. Beyer* , 44 F.3d 1160, 1168-69 (3d Cir. 1995), we have always required appellants to attempt Rule 10 reconstruction before seeking relief. *See, e.g.* , *Roberts v. Ferman* , 826 F.3d 117, 125 (3d Cir. 2016). *United States v. Savage*, 970 F.3d 217, 237 (3d Cir. 2020) we think our obligation to "review the entire record" is cabined by Rule 10(a), which defines "the record on appeal" as "the original papers and exhibits filed in the district court; the transcript of proceedings, if any; and a certified copy of the docket entries prepared by the district clerk."

The Court Reporter Act requires "[e]ach session of the court" to be "recorded verbatim," including "all proceedings in criminal cases had in open court." 28 U.S.C. § 753(b). Though the Act does not prescribe a remedy for violations, courts have awarded relief up to a new trial. *E.g.* , *Simmons* , 44 F.3d at 1168–69 ; *see United States v. Sussman* , 709 F.3d 155, 170–72 (3d Cir. 2013) ; *see also United States v. Kelly* , 167 F.3d 436, 438 (8th Cir. 1999) (collecting cases). *United States v. Savage*, 970 F.3d 217, 238-39 (3d Cir. 2020)

Litigants typically seek relief under the Court Reporter Act when an unanticipated technical malfunction, human error or natural disaster renders transcripts of proceedings unavailable. *See, e.g.* , *Kelly* , 167 F.3d at 437 (recording and notes destroyed in a fire before they could be transcribed); *United States v. Brand* , 80 F.3d 560, 562 (1st Cir. 1996) (transcripts "permanently lost"); *United States v. Sierra* , 981 F.2d 123, 125 (3d Cir. 1992) (court-reporting system malfunctioned); *United States v. Antoine* , 906 F.2d 1379, 1380 (9th Cir. 1990) (court reporter "unable to locate her trial notes and tapes"); *United States v. Preciado-Cordobas* , 981 F.2d 1206, 1209 (11th Cir. 1993) (transcription unavailable because

of a "defective ribbon in the stenotype machine used ... to take down the proceedings" and since the "backup" "tape recording" "either could not be found or was unintelligible"); *United States v. Selva* , 559 F.2d 1303, 1304–05 (5th Cir. 1977) (court reporter's tape recorder malfunctioned). But a few courts have concluded that "[t]he duty to comply with" the Court Reporter Act "lies with the court, not the parties," and they have granted relief when a district court held off-the-record sidebars—something Savage claims occurred in this case. *United States v. Nolan* , 910 F.2d 1553, 1560 (7th Cir. 1990) ; *see also, e.g.* , *United States v. Haber* , 251 F.3d 881, 889–90 (10th Cir. 2001) ; *United States v. Gallo* , 763 F.2d 1504, 1529–30 (6th Cir. 1985) ; *United States v. Garner* , 581 F.2d 481, 488–89 (5th Cir. 1978) ; *see also Sierra* , 981 F.2d at 127 ("The Court Reporter Act applies to all proceedings in open court, which includes sidebar conferences.").

*United States v. Savage*, 970 F.3d 217, 239 (3d Cir. 2020)

"In *Arizona v. Fulminante* , 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), the Supreme Court recognized a distinction between structural defects, which require reversal, per se, and trial errors, which require a reviewing court to engage in harmless error analysis. Structural defects are defects in the constitution of the trial mechanism, which defy analysis by harmless-error standards. A structural defect affect[s] the framework within which the trial proceeds, rather than simply an error in the trial process itself. Without these basic protections, a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment may be regarded as fundamentally fair." *Lewis v. Pinchak* , 348 F.3d 355, 357 (3d Cir. 2003) (internal quotation marks and citations omitted). *United States v. Savage*, 970 F.3d 217, 245 n.16 (3d Cir. 2020)

Conclusion

I, Jimmy Zavala , declare and state as follows: 1. I am a pro-se litigant. 2. Since 2005, I have argued the matter through various appeals before the Honorable Orlando Garcia. The court reporter(s)/Clerk reported the matter but did not forward the requested or whole record on my appeals, and should do so. 3. I did not receive the full record that I had paid for, or was entitled to, of the reporter's transcript/records of the trial matters and I am requesting to have an evidentiary hearing, if needed and available 4. I believe this is potentially a violation of due process rights, rights protected under the 5th amendment and the Court Reporter Act. The court's final judgements are material to this issue. The transcript of these hearings is therefore a necessary element of the record on appeal. 5. I know of no prejudice to any party because of the granting of this motion. 6. This motion is made in good faith for the reasons set forth above and not for the purposes of delay. I declare under penalty of perjury that the foregoing is true and correct. For the foregoing reasons, it is respectfully asserted that this court should grant relief as deemed appropriate, and movant prays this court takes into consideration these claims per the United States Constitution.

Jimmy Zavala, Pro Se Litigant #49053-180
WSPF. Po Box 1000
Boscobel, WI 53805

Certificate of Service

I certify that a copy of the pleading has been mailed to the U.S. Attorneys office on May 24, 2022,

# 49053-180

12

# WISENBERG & WISENBERG PLLC

1711 N Street N.W. 2nd Floor  Washington, D.C. 20036
Phone (202) 261-3649 Fax (202) 293-0701

March 28, 2006

Mr. Jimmy Zavala
Register No 49053-180
C/O USP Coleman I
P.O. Box 1033
Coleman, Florida  33521

Dear Mr. Zavala:

I've heard from your mother a few times, and told her I would write to you today to update you on your appeal and a few other things.

First, please make a note of my new address. I recently married and joined my husband's law firm in Washington D.C. **Please use the above address for all of your correspondence from now on.** We do still have the San Antonio office, and all mail from there is forwarded. But to avoid any delay, please write to me in Washington.

Second, according to the Fifth Circuit, one of your co-defendants has moved to terminate his lawyer. I do not know the details, but I do know that the record (including all pleadings and transcripts for all of the defendants) has been forwarded to the Court so that it can decide the co-defendant's motion. Unfortunately, this means that the appeal will be delayed while the Court decides the motion. I think we can expect even more of these types of delays, because the case is rather large and involves so many defendants. This was my experience with the last really huge criminal appeal I did—lots of problems just getting the lawyers to file their briefs and comply with the rules. So, we'll need to be patient. It's going to take a while.

Third, your mother said you want a copy of the transcripts. This is not possible at this time. The transcripts are thousands of pages, which I cannot afford to copy, and I ordered them on computer disk rather than on paper. I will, however, give you any printed copies I do make after the case is over. For now, of course, I need them to do the appeal. I often get requests for copies of transcripts, and I just have to explain to

Mr. Zavala
March 28, 2006

my clients that the CJA will not pay for copies for clients, so I can turn them over when I am done with them. I do apologize for this. I wish I could accommodate your request, but I simply cannot.

If you have questions for me, it's probably best to write to me, or call me, in Washington. Using your mother as a go-between doesn't really work because she cannot necessarily be expected to understand either the questions or the answers. Appeals are very complicated, and yours in particularly so. I will do my best to read your letters and respond to the questions as time permits. But do feel free to write or call me.

I hope I have answered your concerns. If not, just let me know and I will keep trying.

Very truly yours,

ADRIENNE URRUTIA WISENBERG

BEXAR  COUNTY

## MARY ANGIE GARCIA

### DISTRICT CLERK

### NM757633

03/04/2021

Joni Theobald

Re: RECORD REQUEST

To whom it may concern,

The Bexar County District Clerk's Office has received your recent correspondence. In regards to the case you have request information on, a pre indicted case means that the case was not pursued for whatever reason whether it be that a witness no longer complied, or there was not enough evidence so they rejected it, so the file gets closed. Once files have been archived for a certain time they are destroyed and there is no records that we are able to provide. If you have any questions, you can contact our office at 210-335-2591

Sincerely,
MARY ANGIE GARCIA
BEXAR COUNTY DISTRICT CLERK

BY: _____

Desiree Fraire
DEPUTY DISTRICT CLERK


*Exhibit #3*

## News Release

FOR IMMEDIATE RELEASE
August 17, 2004
For Additional Information Contact:
Robert Paiz, Senior Special Agent
DEA Spokesman
Houston Division
713.693.3030
or
Shana Jones, Special Assistant
Daryl Fields, PAO
United States Attorney's Office
Western District of Texas
210.384.7452

## Federal and Local Authorities "Crackdown" on the Hierarchy of the Mexican Mafia in San Antonio, 26 arrests

(San Antonio, TX) Special Agent in Charge James D. Craig with the Drug Enforcement Administration, United States Attorney Johnny Sutton and Bexar County Sheriff Ralph Lopez, announced the indictment against and the arrests of 26 San Antonio area residents, all of whom are alleged ranking members of the Texas Mexican Mafia and or associates, on federal drug, firearms and money laundering charges.

"These 26 defendants have made heroin trafficking and violence their way of life in the Mexican Mafia. Today they start paying the price. Not only can they no longer sell heroin and cocaine in our communities, but we are taking their dirty money and guns," stated United States Attorney Johnny Sutton.

Those arrested during pre-dawn raids this morning include:

Daniel Leza, aka "Gumby", age 49
Mary Elena Flores, aka "Hela Flores", age 44
Juan Valdez, aka "Fly", age 38
Jesse Ramirez, aka "Chuy", age 32
Fernando Espinoza, aka "Sweet Pea", age 37
Sammy Garcia, aka "Spideman", age 36
Roger Rodriquez, aka "Flaco" or "Pelon", age 34
Steve Herrera, age 23
Ricardo Saenz, aka "Cookie Monster", age 38
Cleto Gonzalez, age 51
Hortencia Flores, aka "Tencha", age 41
George Estrada, aka "Primo", age 50
David Merlo, age 44
Rogelio Flores, aka "Boli", age 42
Diana Flores Carrasco, aka Nancy Flores, or Terry Morin, aka "Terry Flores", age 41
" Nancy Carrasco", age 38
Edward Cisneros, age 31

The following eight defendants charged in this indictment were already in law enforcement custody prior to today:

Jimmy Zavala, aka "Panson" or "Gordo", age 35
Albert Delgado, age 23
Santos Yanez, aka "Puppet", age 39
Matilda Vallejo, age 56
Johnny Garcia – Esparza, aka "Gira", 44
Sylvia Gil, age 44
Alfredo Munoz, aka "Tiny", age 44
Daniel Valles, aka "Dirty Dog" or "Dog", age 40

"Today's takedown of the hierarchy of the Texas Mexican Mafia clearly demonstrates once again that law enforcement in this

Mexican Mafia arrests

Deputy Chief Raymond Trevino, BCSO, U.S. Attorney Johnny sutton, Western District of Texas, Bexar County DA Susan D. Reed, SAC James D. Craig, DEA Houston Division, ASAC Javier F. Pena, DEA San Antonio RO, Sheriff Ralph Lopez, BCSO, and RAC Davy Aguilera, BATF

**Deputy Chief Raymond Trevino, BCSO, U.S. Attorney Johnny sutton, Western District of Texas, Bexar County DA Susan D. Reed, SAC James D. Craig, DEA Houston Division, ASAC Javier F. Pena, DEA San Antonio RO, Sheriff Ralph Lopez, BCSO, and RAC Davy Aguilera, BATF**

May 15th 2022

### Affidavit of Joni Theobald

### Re:  Booking records of Jimmy Zavala in Wilson County -August 17th, 2004

1. I, Joni Theobald, am over the age of 18 and competent to testify as to the matters set forth below:

2. I called Wilson County in July 2020 and spoke with Jerri Lee Laughlin, a Wilson County Sheriff's department Records Division staff member, in regard to obtaining Jimmy Zavala's booking/arrest records on August 17th, 2004. I also made requested records from the Wilson County Sheriff's department in May 2020, and November 23rd, 2020.

I called Wilson County Sheriff's Department in Floresville, TX. In July 2020 to inquire on how to receive these records and was transferred to the records department.   Wilson Records department staff, Jerri Lee Laughlin, indicated she is unable to release these records without approval from the US Marshall's office. I asked her was she sure these records were there and dated for August 17th, 2004, she said "yes," I am looking at them on my monitor right now" . Jerri Lee Laughlin also suggested I write to Tom Caldwell, Wilson County District Attorney to see what he would approve releasing Jimmy's arrest/booking records.

I contacted the Texas Attorney General's office, in July 2020 as well about acquiring these records and they informed me that Wilson County is to release these records per Texas Law, since the arrest/booking was made by Texas agencies; Bexar County nor Wilson County would have had to make a request to the TX Attorney General's office for a ruling/waiver for these records to be withheld.  They asked me to follow up if I needed additional assistance in obtaining.

I have also requested these records through FOIA from the US Marshall's office (District & National: Charlotte Luckstone), but they have not responded to the that request to date.

1

I requested the arrest and booking records (statements, photos, etc.) of Jimmy Zavala, DOB: 06/16/1969, for August 17th 2004.  Jimmy Zavala was arrested on August 17th around 8:00 am by George Autobee, a detective from the Bexar County and Valentine Lopez, also from Bexar County.  Jimmy Zavala was booked and held on August 17th 2004 in Wilson County until the next day, August 18th 2004.  Jimmy stated that George Autobee was the arresting officer and was transferred to the DEA Headquarters on August 18th 2004 at or around 5:00 am, and then later that day taken to the US Marshall's location under the courthouse.

I am willing to take a polygraph and testify, if necessary.  Under penalty of perjury, the foregoing is true and correct to my knowledge pursuant to 28 USC 1746.

Signed the 22nd day of May, 2022

John R Theobald
6752 HillRidge Drive
Greendale, WI 53129

May 23, 2022

Date

2

18

Re: Affidavit to Booking/Arrest of Jimmy Zavala on August 17th 2004

State of _____Wiscansin_____

County of _____Milwaukee_____

Personally came and appeared before me, the undersigned Notary, the within named_____

Jen: Theobald, who is a resident of 6752 Hill Ridge Dr _____ County, State of ____

Wisconsin, and makes this his/her statement an General Affidavit upon oath and

affirmation of belief and personal knowledge that the following matters, facts and things set

forth are true and correct to the best of his/her knowledge

DATED this the 23 day of May, 20 22

Sworn to subscribed before me, this 23rd day May _____, 20 22

NOTARY PUBLIC

Commission Expires 7/6/2024

3

AO 442 (Rev. 1/93) Warrant for Arrest

SEALED

# United States District Court
# Western District of Texas

RECEIVED
USMS W/TX (80)

AUG 1 8 2004

WARRANTS
SAN ANTONIO

UNITED STATES OF AMERICA

v.

JIMMY ZAVALA

a/k/a PANSON
a/k/a GORDO

**WARRANT FOR ARREST**

CASE NUMBER:    SA-04-CR-425-OG (2)

COPY

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _____ JIMMY ZAVALA

Name

and bring him or her forthwith to the nearest Magistrate Judge to answer a(n)

☒ Indictment ☐ Information ☐ Complaint ☐ Order of Court ☐ Violation Notice ☐ Probation Violation Petition

charging him or her with (brief description of offense) CONSPIRACY TO DISTRIBUTE AND TO POSSESS WITH INTENT TO DISTRIBUTE HEROIN, CONSPIRACY TO DISTRIBUTE AND TO POSSESS WITH INTENT TO DISTRIBUTE COCAINE; DISTRIBUTION /POSSESSION WITH INTENT TO DISTRIBUTE HEROIN, COCAINE; CONSPIRACY TO USE / POSSESS A FIREARM IN A DRUG TRAFFICKING CRIME; USE / POSSESS A FIREARM IN A DRUG TRAFFICKING CRIME; CONSPIRACY TO LAUNDER MONEY; AIDING AND ABETTING.

**Bond to be set at time defendant has initial appearance before a judicial officer and after interview by an officer assigned to the Pre-Trial Services section of the U.S. Probation Office, provided if defendant is arrested outside the San Antonio Division of the Western District of Texas, it is recommended that DEFENDANT BE DETAINED WITHOUT BOND.

in violation of Title 21, 21, 21, 18, 18, 18, 18 United States Code, Section(s) SEE INDICTMENT

(b)(7)(C)

Name of Issuing Officer

(b)(7)(C)

Signature of Issuing Officer

U.S. Deputy Clerk

Title of Issuing Officer

August 18, 2004       San Antonio, Texas

Date and Location

DATE ISSUED: August 18, 2004

Bail fixed at $ _____ ** PLEASE SEE NOTE ** _____ by _____ Nancy Stein Nowak, U.S. Magistrate Judge

Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |

| DATE RECEIVED 08-18-2004 | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| DATE OF ARREST 08-18-2004 | | |

May 24, 2022

Mr. Jimmy Zavala
Fed. Reg. No. 49053-180
Wisconsin Secure Program Facility
PO Box 1000
Boscobel, WI 53805

Clerk US District Court
Western District of Texas
~~Disrict~~
262 West Nueva Street, Room 1-400
San Antonio, Texas
            78207


Dear Clerk,
    Re: US v. Jimmy Zavala
            Case No: SA: 04-Cr-425-06 (2)

        Please Find Enclosed:

1. Motion to Correct, modify, reconstruct
        the Record (FRAP 10)    20 pages with
                                    Exhibits

2. Certificate of Service

3. Exhibits #1-5

            Thank You for this time.
                        Sincerely,



WSPF
PO Box 1000
Boscobel, WI
53805

7022 0410 0000 1951 1676

RECEIVED

MAY 27 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

SCREENED BY CSO
MAY 27 2022

U.S. POSTAGE PAID
FCM LG ENV
FRANKLIN, WI
53132
MAY 24, 22
AMOUNT
$5.51
R2304W119890-06

U.S. District Court Clerk
Western District of Texas
262 West Nueva Street, Room 1-400
San Antonio, Tx
78207