# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TEXAS – SAN ANTONIO DIVISION

**JIMMY ZAVALA,** Petitioner,

FILED

NOV 1 2 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

V.

**UNITED STATES OF AMERICA,** Respondent.

Civil Case No. SA-08-CA-0234-OG
(Criminal Case No. 5:04-cr-00425-OLG)

# PROTECTIVE MOTION TO REOPEN JUDGMENT UNDER RULE 60(b) AND FOR LEAVE TO AMEND UNDER RULE 15(c) TO PRESERVE NEWLY DISCOVERED EVIDENCE

## I. NOTICE OF MOTION

Pursuant to Fed. R. Civ. P. 5, 7, 10(c), 11(a), 15, 60(b), 62.1, and 79, and Local Rules CV-5, CV-7, and CV-10 of the Western District of Texas, Petitioner Jimmy Zavala, appearing *pro se*, respectfully moves to reopen his prior § 2255 proceeding under Fed. R. Civ. P. 60(b)(2), (3), and (6) and for leave to amend under Rule 15(a) and (c).

This motion is filed protectively to preserve newly discovered evidence—the November 2024 Affidavit of Adam Martin (Exhibit A)—and to ensure that this evidence becomes part of the permanent federal record in compliance with Fed. R. Civ. P. 62.1.

Additionally, in June 2022, audio recordings of a missing March 25 2005 pretrial hearing were located and transcribed for the first time, revealing material statements by the prosecution that had never been part of the official record or available to the defense or to this Court during any prior proceeding.

## II. PROCEDURAL POSTURE

1. Mr. Zavala's § 2255 motion was denied in 2009. A timely Rule 59(e) motion to alter or amend judgment was denied in October 2025. The judgment is therefore final.

2. An appeal concerning record correction under Fed. R. App. P. 10(c)/(e) is presently pending before the Fifth Circuit.

2

3.  This motion is filed solely to preserve newly discovered evidence and does not seek to modify the record on appeal.

## III. FACTUAL BACKGROUND AND NEW EVIDENCE

- Adam Martin Affidavit. Martin, a pre-trial cellmate of Government witness Joe Tamayo, states that Tamayo admitted he would testify falsely against Mr. Zavala with prosecutorial knowledge and promise of leniency.

- Missing Pretrial Record Recovered and Transcribed in 2022. In June 2022, the United States Attorney's Office located previously missing audio recordings of the March 25 2005 pretrial hearing and caused them to be transcribed for the first time. These materials had never been produced to the defense, filed with the Clerk, or reviewed in any prior proceeding. The transcripts reveal that AUSA Joe Sepeda admitted the Government had possessed key recordings since January 2004 but failed to disclose an audible version until ten days before trial, destroying the defense's strategy. The same hearing disclosed that a confidential informant, "Mercy Brooks," had been killed—information the defense was never told. The prosecutor described Mr. Zavala as "the trigger man," a theory contradicted by the 2008 RICO indictment charging Mendoza, Pena, Jacinto, Ramirez, and Silva for those same homicides.

- Prior Claims. Mr. Zavala's § 2255 alleged that the United States knowingly presented false testimony by Tamayo and Saenz and suppressed impeachment

3

evidence. The Martin Affidavit and the newly discovered pretrial transcripts directly corroborate those same allegations.

## IV. LEGAL STANDARDS AND AEDPA COMPLIANCE

A. Rule 60(b) and Rule 15(c)

Rule 60(b)(2) and (3) permit relief for newly discovered evidence and fraud; Rule 60(b)(6) allows reopening for "any other reason that justifies relief." Rule 15(c) permits an amendment to relate back when it arises from the same core facts. See *Mayle v. Felix*, 545 U.S. 644 (2005); *United States v. Gonzales*, 592 F.3d 675 (5th Cir. 2009).

B. Jurisdiction and Non-Successiveness

This motion challenges only procedural defects in the prior § 2255 proceeding and seeks no substantive reconsideration of the underlying conviction or sentence. It falls within the class of "true Rule 60(b) motions" recognized in *Gonzalez v. Crosby*, 545 U.S. 524 (2005); *Ruiz v. Quarterman*, 504 F.3d 523 (5th Cir. 2007); *In re Edwards*, 865 F.3d 197 (5th Cir. 2017); and *United States v. Reyes*, 755 F.3d 210 (5th Cir. 2014), and therefore is not a second or successive motion under 28 U.S.C. § 2255(h). See also *United States v. Hernandez*, 708 F.3d 680 (5th Cir. 2013).

Because this motion concerns the integrity of the § 2255 process and newly discovered record evidence that was unavailable until 2022, it properly invokes Rule 60(b) to reopen judgment and Rule 15(c) to supplement existing claims.

4

## V. ARGUMENT

### A. This Motion Challenges a Procedural Defect, Not the Conviction.

The prior § 2255 was decided without the January 27 2005 record, the 2022-recovered pretrial hearing transcript, or the Martin Affidavit. Those omissions prevented full adjudication of the *Napue/Giglio* issues. Correcting those defects falls squarely within *Gonzalez v. Crosby*.

### B. Relation Back Under Rule 15(c).

The new evidence arises from the same factual nucleus—the Government's use of false testimony and the counsel-substitution event—and therefore relates back to the original § 2255 claims. *Mayle*, 545 U.S. at 659; *Balentine v. Thaler*, 626 F.3d 842 (5th Cir. 2010).

### C. Extraordinary Circumstances Warrant Reopening.

Newly discovered proof of perjured testimony and prosecutorial inducement constitutes "extraordinary circumstances" under Rule 60(b)(6). *Buck v. Davis*, 580 U.S. 100 (2017).

### D. Counsel Replacement and Missing Transcript Constitute a Structural Defect.

The unrecorded January 27 2005 hearing severed continuity of representation and prevented counsel from acting on information later described by Martin. This is analogous to the structural violations recognized in *United States v. Cronic*, 466 U.S. 648 (1984).

5

E. Reopening Will Not Violate AEDPA.

Because this motion does not assert a new ground for relief but seeks to remedy procedural omissions in the § 2255 adjudication, it is not barred as "second or successive." See *Ruiz*, 504 F.3d at 525; *In re Edwards*, 865 F.3d at 203; *Reyes*, 755 F.3d at 215.

F. The 2008 RICO Indictment Confirms the Newly Discovered Evidence.

Public records of this Court show that in 2008 a federal grand jury indicted other individuals for the same homicides previously used to enhance Petitioner's sentence. (Ex. G). That indictment establishes that the Government itself later attributed those killings to different defendants, corroborating Adam Martin's affidavit that witness Tamayo lied under prosecutorial direction.

G. Missing Pretrial Record Recovered and Transcribed in 2022.

In June 2022, previously missing audio recordings of the March 25 2005 pretrial hearing were located and transcribed for the first time. These transcripts reveal discovery misconduct and the Government's use of inconsistent theories. AUSA Sepeda admitted the Government possessed recordings since January 2004 but disclosed an enhanced version only ten days before trial. The same hearing revealed the death of informant "Mercy Brooks," undisclosed to the defense, and described Mr. Zavala as "the trigger man." These statements conflict with the 2008 RICO indictment charging Mendoza, Pena, Jacinto, Ramirez, and Silva for those same acts. Because these materials were

missing for 17 years, their discovery constitutes new evidence under Rule 60(b)(2) and extraordinary circumstances under Rule 60(b)(6).

## VI. PRESERVATION DURING PENDING APPEAL (RULE 62.1)

Petitioner acknowledges the pending appeal concerning record correction. This motion is filed protectively to preserve newly discovered evidence and demonstrate diligence under Rule 60(c)(1). Pursuant to Fed. R. Civ. P. 62.1, Petitioner respectfully requests that the Court:

1.  Hold the motion in abeyance pending appellate disposition; or

2.  Issue an indicative ruling stating that it would grant relief upon remand.

This filing does not alter or supplement the record on appeal but ensures that the attached affidavit and transcripts are part of the official record for future proceedings.

## VII. PRESERVATION OF EVIDENCE

Even if the Court denies or defers action, Petitioner requests that Exhibit A—the Adam Martin Affidavit—and Exhibit H—the newly transcribed March 25 2005 pretrial record—remain part of the docket to preserve this newly discovered evidence for any subsequent remand or habeas proceeding. The filing of this motion constitutes timely presentation under Rule 60(c)(1) and demonstrates due diligence as required by *Holland v. Florida*, 560 U.S. 631 (2010).

## VIII. PRAYER FOR RELIEF

Petitioner respectfully asks that the Court:

1. Reopen the § 2255 judgment under Rule 60(b)(2), (3), and (6);

2. Grant leave under Rule 15(c) to file the attached amendment;

3. Alternatively, hold the motion in abeyance or issue an indicative ruling under Rule 62.1; and

4. Direct that Exhibits A through H be maintained as part of the permanent record.

Respectfully submitted,

/s/ Jimmy Zavala    (Pro Se)

Reg. No. 49053-180
Redgranite Correctional Institution
1006 County Road EE
Redgranite, WI 54970

Date:  11/6/25

8

## IX. CERTIFICATE OF SERVICE

I certify that on November 6, 2025, a true and correct copy of this motion and all

attachments were placed in the institutional mail system, addressed to:

United States Attorney's Office
Western District of Texas
601 NW Loop 410, Suite 600
San Antonio, TX 78216

This filing complies with Fed. R. Civ. P. 5(d) and Local Rules CV-5(b)(2) and CV-10(c)

governing service by mail for incarcerated litigants.

Respectfully submitted,

/s/ Jimmy Zavala    (Pro Se)                              Date:   11/6/25
Reg. No. 49053-180
Redgranite Correctional Institution
1006 County Road EE
Redgranite, WI 54970

9

*✗ Other Attachments sent Separately*

## X. EXHIBIT INDEX

| Exhibit | Description | Purpose |
|---------|-------------|---------|
| A | Affidavit of Adam Martin (Nov 2024) | Newly discovered evidence—false testimony *+ ( Attached )* |
| B | Tamayo Trial Transcript Excerpts | Shows alleged perjury |
| C | January 27 2005 Counsel-Substitution Record | Missing-record defect |
| D | Excerpt from 2008 § 2255 Motion | Relation-back foundation |
| E | Declaration of Filing and Service | Compliance with FRCP 5 & Local Rule CV-10 |
| F | Table of Authorities | Optional appendix |
| G | 2008 RICO Indictment (U.S. v. Mendoza et al.) | Corroborates newly discovered evidence and prosecutorial-misconduct claim |
| H | March 25 2005 Pretrial Hearing Transcript (Recovered & Transcribed 2022) | Newly discovered record showing prosecutorial misconduct and inconsistent "trigger man" theory |

## ADDENDUM A

Procedural-Integrity Certification (Rule 60(b)/15(c) Motion)

Petitioner: Jimmy Zavala      Civil Case No.: SA-08-CA-0234-OG

(Criminal Case No.: 5:04-cr-00425-OLG)

## I. Purpose of Certification

Pursuant to *Gonzalez v. Crosby*, 545 U.S. 524 (2005), *Ruiz v. Quarterman*, 504 F.3d 523 (5th Cir. 2007), and *In re Edwards*, 865 F.3d 197 (5th Cir. 2017), this certification clarifies that the accompanying motion is a true Rule 60(b) motion directed to procedural defects in the prior § 2255 proceeding, not a "second or successive" collateral attack under 28 U.S.C. § 2255(h).

## II. Nature of the Filing

1. The motion challenges the integrity of the § 2255 adjudication, specifically the absence of critical evidence and transcripts that were unavailable until 2022.

2. It does not seek to vacate the underlying conviction or sentence; it asks the Court to reopen the civil § 2255 judgment solely to permit review of newly discovered record evidence.

11

3. The motion is filed pursuant to Fed. R. Civ. P. 60(b)(2), (3), and (6); seeks relation-back under Rule 15(c); and requests an indicative ruling under Rule 62.1 consistent with Fed. R. App. P. 4 and 10.

---

## III. Procedural Integrity and AEDPA Compliance

- The motion addresses missing pretrial recordings and transcripts recovered in 2022 and the Affidavit of Adam Martin (2024)—materials never before part of the record.
- Because these items reveal a procedural defect (incomplete record and withheld evidence), not a new substantive claim, the motion is not successive under § 2255(h).
- The filing complies with:
  - Fed. R. Civ. P. 5, 7, 10(c), 11(a), 15, 60, 62.1, 79;
  - Fed. R. App. P. 4 & 10; and
  - W.D. Tex. Local Rules CV-5, CV-7, and CV-10.

## IV. Certification Statement

I, Jimmy Zavala, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing motion and exhibits are submitted in good faith to correct a defect in the integrity of the prior § 2255 proceeding, and that this filing does not constitute a collateral attack on the conviction or sentence.

Executed this 6th day of November 2025.

/s/ Jimmy Zavala    (Pro Se)
Reg. No. 49053-180
Redgranite Correctional Institution
1006 County Road EE   Redgranite, WI 54970

Filing Note:

This Addendum is submitted under Fed. R. Civ. P. 11(a) and Local Rule CV-7(d) for inclusion in the docket of Civil Case No. SA-08-CA-0234-OG as part of the Rule 60(b)/15(c) motion package.

Adam Eugene Martin
BOP # 39706-180

State of Kentucky
County of McCreary

## Affidavit

I, Adam Eugene Martin, do hearby attest to the following;

1). That I was housed at CCA in Hutto, Texas in 2004 with Joe Tomayo Sr., and while we were drunk, Joe told me that he had a deal worked out with the San Antonio U.S. Attorney on a case against Jimmy Zavala.

Joe explained to me that him and a guy named "Cowboy" had been robbing banks around the I-35 corridor, and that if he cooperated with the U.S. Attorney who would use Joe's sons record (Joe Tomayo Jr) to show Joe Sr. wasn't such a bad guy. Joe Sr. told me that pretty much all of his testimony against Jimmy Zavala was fabricated by the U.S. Attorney, starting with swapping Joe ~~~~~~~~~~~ record.

2). The ~~~~~~~ ~~~~~~~, ~~~~~ mine was, and that's how I got Mr. Zavala's attorney's name. I told Mr. Zavala's attorney ~~~~~~~~ Joe Tomayo ~~~~ me about the fals~~~ ~~~~~~~~~ and that I'd ~~~~~~~~ contacted by ~~~~~



# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TEXAS

### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | SA 06-332M |
| V. | ) | |
| | ) | |
| JOE RENE TAMAYO, | ) | |
| | ) | |
| Defendant. | ) | |

## APPLICATION FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM

Comes now the United Sates of America and respectfully represents that the above case is set for court proceedings on _____, 2006, that the Defendant, **JOE RENE TAMAYO,** is incarcerated and is now in the custody of the Comal County Jail, New Braunfels, TX.

WHEREFORE, the Government prays that this Court issue an order directing the Clerk of the Court to issue a Writ of Habeas Corpus Ad Prosequendum addressed to the Sheriff, Comal County Jail, New Braunfels, TX., commanding him to surrender the said Defendant into the custody of the United States Marshal for the Western District of Texas, or his duly authorized representative, and directing said Marshal to

bring said defendant before this Court in San Antonio, Texas, on _____2006, at

____a.m./p.m.  for the purpose of said proceeding, and any further proceedings to be had in this

cause.

        Respectfully Submitted

        JOHNNY SUTTON
        UNITED STATES ATTORNEY


By:

        JOEY CONTRERAS
        Assistant United States Attorney
        State Bar No. 04712320
        601 N.W. Loop 410, Suite 600
        San Antonio, Texas 78216
        Tel: (210) 384-7025

Jimmy Zavala
Redgranite Correctional Institution
1006 County Rd EE
Redgranite, WI 54970

CERTIFIED MAIL

9589 0710 5270 2700 7700 44

U.S. MARSHALS
RECEIVED
NOV 12 2025
SAN ANTONIO, TX
ENFORCEMENT SECTION

Retail

RDC 99

78207

U.S. POSTAGE PAID
FCM LG ENV
SUN PRAIRIE, WI 53590
NOV 07, 2025

$7.74

S2324P508882-03

RECEIVED
NOV 12 2025
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

Clerk of Courts
United States District Court
Western District of Texas - San Antonio
262 West Nueva St. Room 1400
San Antonio, TX
78207

